## PERSONAL FINANCE CO.
*vs.*
## DELBERT S. BEEMAN ET AL.

Court of Common Pleas    Fairfield County    File No. 40635

MEMORANDUM FILED JANUARY 7, 1941.

*David R. Lessler,* of Bridgeport, for the Plaintiff.

*J. Robert Nowitz,* and *Norris Rossinoff,* of Bridgeport, for the Defendants.

SWAIN, J.    This is an action on a promissory installment note executed and delivered by the defendants to the plaintiff on January 24, 1939.

Nothing has been paid by either defendant on this note. The first installment was due on February 24, 1939. The plaintiff exercised its option and demanded payment of the note in accordance with its terms.

The defendant Gladys S. Beeman filed an answer stating a general denial.

The defendant Delbert S. Beeman, in addition to a general denial, alleged as a special defense that on February 24, 1939, he was adjudicated a bankrupt and that the plaintiff's claim was listed in his schedules of bankruptcy, and that on November 17, 1939, he was discharged from all of his debts listed in his schedules, and that therefore he is no longer obligated to the plaintiff on the note in suit.

The plaintiff claims that in securing the loan on which this note is based, the defendants made a material false statement upon which the plaintiff relied. The plaintiff further claims that since this loan was obtained by fraud, section 17 of the Bankruptcy Act (U.S.C.A. tit. 11, §35) makes the discharge inoperative as to this claim.

On January 24, 1939, the defendant Delbert S. Beeman made a statement under oath and in writing to the plaintiff for the purpose of securing this loan of $300.

In this statement, in paragraph two under the heading entitled "Liabilities" he said: "The amounts I owe for current debts and to whom I owe such debts include those to merchants, my landlord and others, and Michaels $20."

The court finds that at the time he made this statement he owed the Y.M.C.A. $371.25; that he owed Nothnagle Company $61 on a rental agreement for furniture and was in arrears in his payments thereon; that he owed the Koppers Coke Co. $30.75; that he owed the Middlebury Hospital $106; and that he also owed $90 for rent.

The defendant Delbert Beeman gave various explanations for the purpose of showing that he did not believe he owed these bills. The court cannot accept his story in this respect.

In February, 1939, just before going into bankruptcy, and about one month after making this statement, he admitted his indebtedness to the Y.M.C.A. to its attorney, Mr. Simon. The court is of the opinion that the written statement above referred to was false and was made for the purpose of obtaining this loan. The plaintiff relied on the statement and was injured thereby.

The defendant Delbert Beeman makes the claim, that in view of the fact that when this note was given, he owed

$146.39 on a previous note which he had given to the plaintiff and that he only received $153.61 cash on the note in suit, that the plaintiff only lost $153.61 by reason of any possible misrepresentations.

This contention is not sound. The plaintiff gave up its right to sue for the balance of $146.39 and gave the old note back to the defendants.

The fact that the defendant Delbert Beeman had been borrowing money from the plaintiff over a period of years did not warrant his untrue statement as to his financial condition.

The court finds that his discharge in bankruptcy is not available as a defense to the defendant Delbert Beeman, and that his conduct brings him within section 17 of the Bankruptcy Act (U.S.C.A. tit. 11, §35).

The plaintiff received a dividend of $29.40 on this claim from the trustee in bankruptcy. The defendants are entitled to a credit for this amount.

The issues are found for the plaintiff.

A judgment may therefore be entered for the plaintiff to recover of the defendants $270.60, plus interest amounting to $34.71, or a total of $305.31, and costs.